NEW YORK | 750 Third Avenue
Boston | 25th Floor
Las Vegas | New York, NY 10017
Los Angeles | Telephone (212) 668-5927
Paris | Facsimile (212) 668-5929
Redwood City | www.rmkb.com
San Francisco
San Jose | Andrew L. Margulis
Seattle | (646) 454-3242



andrew.margulis@rmkb.com

September 20, 2018

<u>Via ECF</u>

Hon. Alison J. Nathan
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

    Re:    *Steadfast Insurance Co. v. Harvey Weinstein*, 18-cv-6458 (AJN)

Dear Judge Nathan:

    We represent plaintiff Steadfast Insurance Company ("Steadfast") in this action. We write pursuant to Your Honor's Individual Practices to request a pre-motion conference to seek leave to file a motion for summary judgment. While Steadfast recognizes that such motions are strongly discouraged prior to completion of discovery, Steadfast believes that exceptional circumstances exist to warrant granting Steadfast leave to move for summary judgment.

    In this action, Steadfast seeks a declaration that it has no obligation to provide insurance coverage for a criminal case pending against Mr. Weinstein in New York State Court. Steadfast asserts that its Policy does not provide coverage for the criminal case for three reasons: (1) the criminal case was not brought by an Employee and thus does not trigger Insuring Agreement A of the Steadfast Policy; (2) the criminal case does not allege a "violation of any law or public policy concerning discrimination or harassment" and thus does not trigger Insuring Agreement B of the Steadfast Policy; and (3) coverage is barred because under well-settled law the criminal case is a Claim for bodily injury and is thus excluded from coverage under the Steadfast Policy.

4833-8477-8867.2



Hon. Alison A. Nathan
September 20, 2018                                                                                                    Page 2

      The question of coverage turns solely on the provisions of the Steadfast Policy and the underlying criminal complaint and indictments, and discovery is not necessary for a determination of coverage. Since the Steadfast Policy is unambiguous, the Court and the parties must look only to the insurance policy and the complaints/indictments in assessing coverage. The interpretation of such documents as well as the N.Y. Penal Code sections under which Mr. Weinstein has been charged present questions of law for the Court as to which discovery is irrelevant.

      Both Steadfast and its other insureds will be prejudiced absent such motion. Steadfast is providing Mr. Weinstein with a defense of the criminal case subject to a reservation of rights. It is estimated that the costs of such case could exceed $8-9 million. Steadfast is also defending not only Mr. Weinstein but other insureds under the same insurance policy in multiple civil cases, including class actions. The money paid by Steadfast for the criminal case reduces the limit of liability of the policy and thus reduces the amounts available to defend and possibly resolve those cases for those insureds, potentially leaving those insureds personally exposed.

      Resolving the coverage issues at this stage will preserve the status quo and protect all insureds.

Respectfully submitted,

Andrew L. Margulis

cc:   Counsel of record (via ECF)